**In re Richard E. TETI, a/k/a Richard E. Kemmerer and Doris Ann Teti, a/k/a Doris A. Teti and Doris A. Probst, Debtors.**

**Bankruptcy No. 5–81–00004.**

United States Bankruptcy Court, M.D. Pennsylvania.

June 20, 1983.

---

**3.** The schedules state that Amarex's total assets have a value of almost $309 million. The $2.4 million is only .8% of that amount.

Larry E. Coploff, Williamson Coploff & Hanna, Lock Haven, Pa., for Commonwealth Bank & Trust Co., N.A.

Charles R. Rosamilia, Jr., Lock Haven, Pa., for debtor.

William L. Knecht, Williamsport, Pa., Trustee.

## OPINION

THOMAS C. GIBBONS, Bankruptcy Judge:

The Commonwealth Bank and Trust Company, N.A. (the Bank), has moved the court to open a judgment pursuant to Fed. R.Civ.P. 60(b)(5) since the precedent upon which this court relied in entering the judgment has been overturned. For the reasons stated herein we deny the motion.

Richard E. Teti and Doris Ann Teti filed for relief under Chapter 7 of the Bankruptcy Code, 11 U.S.C. § 101, *et seq.*, on January 2, 1981. Shortly thereafter the debtors commenced an action to avoid, pursuant to 11 U.S.C. § 522(f)(1), two judicial liens held by the Bank. We entered judgment on January 22, 1982, avoiding the liens to the extent they impaired the debtors' exemptions in bankruptcy. One of the avoided liens was created prior to the enactment of the Bankruptcy Code. The Bank failed to appeal the judgment.

In our opinion supporting the judgment we relied upon the authority of *In Re Ashe*, 669 F.2d 105 (3rd Cir.1982), issued on January 6, 1982, which held that § 522(f) authorized the avoidance of liens created prior to the enactment of the Bankruptcy Code. In *Ashe* the lien holder applied for certiorari. Several months later in an opinion issued on November 30, 1982, in *United States v. Security Industrial Bank*, —— U.S. ——, 103 S.Ct. 407, 74 L.Ed.2d 235 (1982), the United States Supreme Court stated that under § 522(f)(2) Congress did not intend to authorize the avoidance of security interest which had been created prior to the enactment of the Bankruptcy Code. In *Ashe*, on December 13, 1982, the Supreme Court granted certiorari, vacated the judgment, and remanded to the Third Circuit for reconsideration in light of *Security Industrial Bank*. —— U.S. ——, 103 S.Ct. 563, 74 L.Ed.2d 927. As of this date *Ashe* is still pending in the Third Circuit.

Focusing upon *Ashe* and *Security Industrial Bank* the defendant asserts that we should open the judgment in this case pursuant to Fed.R.Civ.P. 60(b)(5) since prevailing authority now holds that Congress did not intend for the avoidance of liens or security interests created prior to the enactment of the Bankruptcy Code. Rule 60 is applicable in this proceeding through Bankruptcy Rule 924. In pertinent part Rule 60(b) states as follows:

On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order, or proceeding for the following reasons: * * * (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated,

or it is no longer equitable that the judgment should have prospective application;
\* \* \* \*

As recently stated by the Third Circuit on Rule 60(b)(5):

> Reliance on a judgment in an unrelated case, however, does not make the original judgment vulnerable within the "prior judgment" clause of subsection 5. *Lubben v. Selective Service System Local Board No. 27, supra,* 453 F.2d [645] at 650 [1st Cir.1972]; *see* 11 C. Wright & A. Miller, *supra* § 2863, at 204 ("[t]his ground [subsection (5)] is limited to cases in which the present judgment is based on the prior judgment in the sense of *res judicata* or collateral estoppel. It does not apply merely because a case relied on as precedent ... has since been reversed") . . . .

*Marshall v. Board of Education,* 575 F.2d 417, 424 (3rd Cir.1978); *see also, Chicot County Drainage District v. Baxter State Bank,* 308 U.S. 371, 60 S.Ct. 317, 84 L.Ed. 329; *but see, Polites v. United States,* 364 U.S. 426, 433, 81 S.Ct. 202, 206, 5 L.Ed.2d 173 (1960). In light of this authority we deny the Bank's motion to open the judgment.