In re Robert L. FONNER and Sharon L. Fonner, Debtors.

Robert L. Fonner and Sharon L. Fonner, Movants,

v.

David H. Overdorf, Administrator Of The Estate Of Kristen Overdorf, Deceased, Edward J. Balzarini, Jr., and Balzarini & Watson, Respondents.

David H. Overdorf, Administrator Of The Estate Of Kristen Overdorf, Deceased, Movant,

v.

Robert L. Fonner and Sharon L. Fonner, Respondents.

Banruptcy No. 95–23976–BM.
Motion Nos. 01–0952M, 01–0993M.

United States Bankruptcy Court,
W.D. Pennsylvania.

May 22, 2001.

Jeffrey R. Lalama, Feldstein Grinberg Stein & McKee, Pittsburgh, PA, for Debtors.

Michael Balzarini, Balzarini & Watson, Pittsburgh, PA, for David H. Overdorf.

## MEMORANDUM OPINION

BERNARD MARKOVITZ, Bankruptcy Judge.

Debtors Robert Fonner and Sharon Fonner have brought a motion to reopen their closed bankruptcy case. They seek to reopen to obtain an injunction prohibiting the administrator of the decedent's estate of one Kristen Overdorf from taking any action against the assets of debtor Sharon Fonner to satisfy a judgment against her or from transferring the judgment to another jurisdiction.

Overdorf's administrator, who concurs in the request to reopen, opposes debtors' request for an injunction as being unnecessary. He instead requests modification of the discharge order of debtor Sharon Fonner to provide that she has assigned to him her rights against certain excess liability insurers so that he may proceed against them to collect the judgment against her.

We will reopen debtor's case but will deny their request for an injunction against Overdorf's administrator. The previous order of discharge contained such a prohibition and Overdorf's administrator now acknowledges his inability to take any legal steps against the debtor personally. The language of the previously modified discharge order was sufficiently broad to encompass the relief now sought by Overdorf's administrator. We therefore will modify the discharge order once again to make explicit what was implicit.

— FACTS —

Kristen Overdorf was killed while riding a bicycle on a public street in April of 1991 when she was struck by an automobile driven by debtor Sharon Fonner. Joint debtor Robert Fonner, debtor's husband, had rented the vehicle from Tomsic Motor Company.[1]

Debtors had personal automobile liability insurance with Travelers Insurance Company with a liability limit of $50,000.00. Excess liability insurance also was available through Tomsic's liability insurers from Allstate Insurance Company ($15,000.00) and from Motorists Mutual Insurance Company ($1,000,000.00).

Debtors' personal liability insurance provided by Travelers was primary to Tomsic's liability insurance provided by Allstate and Motorists Mutual.

After the fatal accident Allstate indicated a willingness to pay the limits of its excess liability coverage once Travelers primary coverage was paid. Motorists Mutual, however, denied that debtor Sharon Fonner was covered at all by its policy because only her husband had signed the rental agreement for the vehicle which struck and killed Kristen Overdorf.

Travelers asserted in writing in November of 1991 that it would pay its policy limit to Kristen Overdorf's estate, but only "in exchange for a complete release of . . . [debtor] Sharon Fonner". The administrator of Overdorf's estate rejected this offer and instead commenced a wrongful death action in the Court of Common Pleas of Washington County, Pennsylvania, on March 11, 1993, against both debtors and Tomsic Motors, among others.

On August 5, 1993, Travelers indicated in a letter to counsel to Overdorf's administrator that its "offer of policy limits, in the amount of $50,000.00 [,] remains in effect on behalf of our policyholder". On October 19, 1994, Travelers expressed its willingness to draft a joint tortfeasors release that would release Travelers and

1. Much of the factual background of this matter was set forth in *Overdorf v. Fonner*, 748 A.2d 682 (2000), of which we take judicial notice.

debtor Sharon Fonner "for any potential personal liability".

On October 10, 1995, during the pendency of the wrongful death action, debtors filed a voluntary joint chapter 7 petition, thereby staying the action as it pertained to them. For reasons that are at best curious, neither the schedules nor the statement of financial affairs accompanying the bankruptcy petition referred to the above pending lawsuit. As a consequence, Overdorf's administrator was not listed on the creditors' matrix and did not receive notice of the bankruptcy filing at that time.

Overdorf's administrator was not added to the matrix of creditors until December 19, 1995. When Overdorf's administrator received formal notice of the bankruptcy case is not apparent from the record. Counsel to Overdorf's administrator entered his appearance and requested copies of all notices pertaining to debtors' chapter 7 case on January 12, 1996.

Both debtors were granted a general discharge and were "released from all dischargeable debts" on February 23, 1996. The order of discharge was a "generic" administrative order. A final decree closing the case was issued on February 28, 1996.

On March 1, 1996, Overdorf's administrator brought a motion to reopen debtors' chapter 7 case to permit him to seek a modification of debtors' discharge order. Overdorf's administrator also filed a petition that same day at Adversary No. 96–2097–BM to modify the discharge order as it pertained to debtor Sharon Fonner.

Debtors objected neither to the motion to reopen nor to the petition to modify debtor Sharon Fonner's discharge. To the contrary, debtor Sharon Fonner appeared amenable to the entry of any order which enabled her to receive a discharge while agreeing to any procedure which allowed Overdorf's estate to pursue applicable insurance coverage.

After conducting a hearing on April 1, 1996, we entered a modified consent order reopening debtors' case to permit consideration of the petition by Overdorf's administrator to modify the February 23, 1996, order granting debtor Sharon Fonner a discharge.

On April 3, 1996, debtors requested leave to amend Schedule F to finally list Overdorf's estate as having an unsecured nonpriority claim arising out of the motor vehicle accident that took the life of Kristen Overdorf.

We entered an order on May 14, 1996, modifying the previous discharge order pertaining to debtor Sharon Fonner.

Paragraph 1 of the modified order provided that the discharge granted to debtor Sharon Fonner "shall not operate to bar, limit, nullify or otherwise discharge in any manner liability of the debtor, Sharon L. Fonner" in connection with the fatal accident "to the extent there exists any applicable policy of liability insurance".

Paragraph 2 of the modified order provided that the discharge granted to debtor Sharon Fonner "shall not operate to enjoin the institution and/or continuation of any action and/or proceeding to determine the liability of the debtor Sharon L. Fonner" with respect to the fatal accident. Overdorf's administrator would not be enjoined from instituting or continuing any action of legal proceeding "to collect upon any judgment obtained against debtor" arising out of the fatal accident, "to the extent there exists any applicable policy of liability insurance".

Debtors were granted leave on June 10, 1996, to amend Schedule F to list Overdorf's estate as a creditor.

A final decree closing debtors' case once again was issued on June 27, 1996.

Following a trial in the Court of Common Pleas of Washington County, a jury arrived at a verdict in favor of Overdorf's estate and against debtor Sharon Fonner in the amount of $862,5000.00. Pursuant to a petition for delay damages and after a hearing, the trial judge found on May 9, 1999, that Travelers' offer to pay its policy limits if Overdorf's administrator would execute a joint tortfeasors release "did not constitute a tender of the entire policy limits as contemplated by Rule 238". The trial court denied debtor Sharon Fonner's motion for reconsideration on June 21, 1999, finding that she "had the ability to tender the policy limits without the tortfeasor's release.... [S]he could have offered more ...."

Judgment in the amount of $862.500.00 based on the jury verdict and in the additional amount of $377,140.59 in delay damages, with interest accruing from the date of the jury verdict, subsequently was entered on July 6, 1999. The total amount of the judgment was $1,239,640.59.

The portion of the judgment awarding delay damages eventually was affirmed on appeal. *Overdorf v. Fonner*, 748 A.2d 682, appeal denied, 764 A.2d 1071 (2000). No appeal apparently was taken of that portion of the judgment which was based on the jury verdict.

When debtor Sharon Fonner refused to assign her rights against Travelers and Motorists Mutual to Overdorf's administrator, the latter commenced a proceeding against Motorists Mutual in state court to recover the proceeds of the $1,000,000.00 excess liability policy of insurance issued to Tomsic Motors.

On February 23, 2001, debtors brought a motion to reopen their bankruptcy case and for a preliminary injunction prohibiting Overdorf's estate and its counsel from executing on, levying against, or otherwise seizing the personal assets of debtor Sharon Fonner and from transferring the judgment against her to Florida, where she presently resides. Respondents, debtors averred, had threatened to execute on, levy against, or to otherwise seize her personal assets and had threatened to transfer the judgment to Florida.

Overdorf's administrator responded by bringing a motion on February 26, 2001, to again modify the previously modified discharge order of debtor Sharon Fonner. Debtor Sharon Fonner's refusal to assign her rights against Travelers and Motorists Mutual, Overdorf's administrator maintains, violates the modified discharge order of May 14, 1996. In exchange for receiving a discharge, Overdorf's administrator maintains, debtor Sharon Overdorf authorized Overdorf's administrator to initiate or continue any proceedings required to collect upon any judgment entered against her in the wrongful death suit pending in state court.

To the extent that she would have to assign any of her rights against the excess insurers for this to be accomplished, Overdorf's administrator maintains, debtor Sharon Overdorf effectively did so. This, he insists, was intended by the parties and by the court when the order modifying her discharge was issued on May 14, 1996. Overdorf's administrator seeks a second modification of her discharge order to provide that she so assigned to him any rights she had against the excess liability insurers.

A hearing on debtors' motion to reopen and for a preliminary injunction and on Overdorf's administrator motion to amend the previously modified discharge of debtor Sharon Fonner was conducted on March 2, 2001.

## — DISCUSSION —

■ The court in which a bankruptcy case was closed may reopen it: (1) to administer assets; (2) to accord relief to the debtor; and (3) for other cause. 11 U.S.C. § 350(b).

■ We have discretion in determining whether to reopen a closed bankruptcy case. Subsection 350(b) expressly provides that we "may" reopen a closed case. The standard of appellate review of an order concerning the reopening of a bankruptcy case is abuse of discretion. *Donaldson v. Bernstein,* 104 F.3d 547, 551 (3d Cir.1997).

According to Federal Rule of Civil Procedure 60(b)(6), which applies to bankruptcy proceedings by virtue of Federal Rule of Bankruptcy Procedure 9024, a court may, upon motion and such terms as are just, relieve a party or their legal representative from a final order for any reason, aside from the reasons set forth in Federal Rule of Civil Procedure 60(b)(1)-(5).

■ Rule 60(b)(6) is a "residual" provision designed to cover unforeseen contingencies. *Lasky v. Continental Products Corp.,* 804 F.2d 250, 255 n. 9 (3d Cir.1986). Relief is appropriate under this provision "only upon a showing of 'exceptional circumstances'" and where "absent such relief an 'extreme' and 'unexpected' hardship will result". *Mayberry v. Maroney,* 558 F.2d 1159, 1163 (3d Cir.1977). Intervening developments or changes in the law, without something more, rarely constitute "extraordinary circumstances" for purposes of Rule 60(b)(6). *Agostini v. Felton,* 521 U.S. 203, 239, 117 S.Ct. 1997, 2018, 138 L.Ed.2d 391 (1997). A motion brought under Rule 60(b)(6) should be granted if "appropriate to accomplish justice". *Klapprott v. U.S.,* 335 U.S. 601, 614–15, 69 S.Ct. 384, 390, 93 L.Ed.2d 266 (1949).

Debtor Sharon Fonner, we are advised by current non-bankruptcy counsel, has refused to execute an assignment of her rights, if any, against Travelers and Motorists Mutual to Overdorf's administrator. Motorists Mutual has raised this matter in opposing the action Overdorf's administrator has brought against it in state court to collect on the judgment against debtor Sharon Fonner.

In 1998, almost two years after the discharge order of debtor Sharon Fonner was modified in May of 1996, the Superior Court of Pennsylvania ruled that, unless an assignment of the tortfeasor's rights against the tortfeasor's insurer is obtained, a party who has obtained a judgment against an insured tortfeasor may not institute an action against the tortfeasor's insurer to recover a sum in excess of the liability limit based on the insurer's bad faith or breach of contract. *Brown v. Candelora,* 708 A.2d 104, 105–06 (1998).

In his motion to modify debtor Sharon Fonner's discharge order one more time, Overdorf's administrator has inaccurately characterized the holding of *Candelora* as a "change in the law" of Pennsylvania. Capitalizing upon this mischaracterization, debtor Sharon Fonner asserts that a mere change in the law, without something more, does not warrant granting Overdorf's administrator relief in accordance with Federal Rule of Civil Procedure 60(b)(6) from the previously modified discharge order. According to debtor, it is "well established that an order cannot be modified on the basis of a later change in decisional or statutory law". As support for this proposition, debtor cites to *In re Teti,* 30 B.R. 767 (Bankr.M.D.Pa.1983).

This argument is without merit and does not warrant denying the motion of Overdorf's administrator.

*In re Teti* is inapposite. It deals with Rule 60(b)(5), not Rule 60(b)(6). More-

over, it is misleading to characterize *Candelora* as effecting a "change in the law" of Pennsylvania subsequent to entry of the first order modifying the discharge of debtor Sharon Fonner. Pennsylvania courts had not yet taken a position by May of 1996 concerning the need for an assignment of an insured's rights against an insurer.

Although the Supreme Court of Pennsylvania prior to May of 1996 had cast doubt upon the validity of a garnishment action against an insurer in the absence of an assignment of the insured's rights against the insurer in *Johnson v. Beane*, 541 Pa. 449, 451 n. 2, 664 A.2d 96, 98 n. 2 (1995), *Candelora* pointed out that the Supreme Court's comments were *dicta* and consequently did not have the force of law. 708 A.2d at 112. The need for an assignment under such circumstances was addressed and decided for the first time in Pennsylvania in *Candelora*, 708 A.2d at 105–06. It therefore is grossly inaccurate to characterize *Candelora* as effecting a "change in the law" of Pennsylvania. To the contrary, *Candelora* dealt with this issue as one of first impression which the Superior Court decided for the first time.

It would not alter the outcome in this instance even if Candelora had effected a change in Pennsylvania subsequent to entry of the order of May 14, 1996, modifying the discharge of debtor Sharon Overdorf. The relief requested by Overdorf's administrator would be appropriate under Rule 60(b)(6) in any event.

Unless Overdorf's administrator is granted relief and the discharge order of debtor Sharon Fonner is modified again, the estate of Kristen Overdorf will suffer "extreme" and "unexpected" hardship in that her estate will not be in a position to perhaps recover nearly the full amount of the judgment entered against debtor Sharon Fonner when liability insurance making such recovery possible coverage may be available.

Had the holding of *Candelora* been anticipated when the initial order modifying her discharge was entered, the order undoubtedly would have contained express language concerning such an assignment of her rights against the excess liability insurers. In an effort to obtain relief from personal liability, debtor was amenable to any procedure that would permit Overdorf's estate to pursue insurance coverage. The legal position now taken by debtor appears to be of recent vintage and a change of heart.

The breadth of the language employed in the previously modified discharge order convinces us that Overdorf's administrator and debtor Sharon Fonner contemplated that, as consideration for the discharge of any debt owed by debtor to the estate of Kristen Overdorf, debtor Sharon Fonner would take whatever steps were required on her part to enable Overdorf's administrator "to collect upon any judgment" against her arising out of the fatal accident "to the extent there exists any applicable policy of liability insurance". Assigning to Overdorf's administrator any rights debtor Sharon Fonner had against the excess liability insurers, should the need to do so arise, falls squarely within the scope of their intention.

Finally, as we previously noted, relief from a final order should be granted in accordance with Rule 60(b)(6) when "appropriate to accomplish justice". *Klapprott*, 335 U.S. at 614–15, 69 S.Ct. at 390. Modifying the order discharging debtor Sharon Fonner is "appropriate to accomplish justice". Failure to do so would serve an unconscionable injustice under the circumstances presented here.

Debtor Sharon Fonner operated a motor vehicle that struck and killed Kristen Ov-

erdorf, thereby giving rise to a claim by her estate against debtor. The filing of the chapter 7 petition automatically stayed the commencement or continuation of a wrongful death action against her. After conducting the § 341 meeting, the chapter 7 trustee reported that this was a no-asset case, which meant that Overdorf's estate stood to recover nothing on its claim upon liquidation of the assets of debtors' bankruptcy estate.

Due to the existence of excess liability insurance from which any judgment against debtor Sharon Fonner might be satisfied, and in the interest of facilitating justice, the general discharge of debtor Sharon Fonner was modified in May of 1996 to permit Overdorf's administrator to pursue the estate's wrongful death action against her and to collect any favorable judgment, but only to the extent of applicable insurance coverage. The general discharge granted to debtor Sharon Fonner otherwise would have prohibited Overdorf's administrator from pursuing debtor Sharon Fonner. To discharge debtor from this particular debt entirely when there was liability insurance that arguably applied would have produced an intolerable injustice.

Further modification of the order discharging debtor Sharon Fonner from her debts is needed here to achieve a modicum of justice in light of the subsequent articulation of the law as set forth in *Candelora*. In return for receiving a discharge of her debt to Overdorf's estate, debtor became obligated in the first modification to do whatever was required to enable Overdorf's administrator to collect any favorable judgment from any applicable liability insurance, *including assigning to Overdorf's administrator any rights she may have against her insurers.* The language employed in the first modification was sufficiently broad to encompass her doing so.

Failure to further modify the discharge order would work an extreme injustice upon Overwork's estate in that it would be precluded from seeking to recover significant delay damages from Debtor Sharon Fanner's excess liability insurers which they otherwise may be obligated to pay. The sole beneficiaries of such an outcome would be the insurers. Debtor Sharon Fonner would not benefit in that the extent of her liability would remain unaffected one way or the other. In short, she has no personal interest in the resolution of the present matter. Her liability insurers unquestionably are "calling the shots" in opposing the motion to modify the discharge order one more time. The only interest they seek to protect is theirs. Were debtor Sharon Fonner represented in this matter by her bankruptcy counsel and not by counsel selected by the insurers, we suspect that she would not oppose the present motion by Overdorf's administrator to further modify her discharge order so that he might collect the judgment against debtor to the extent of the full amount of her liability insurance coverage.

We conclude in light of the foregoing that "other cause" exists for purposes of § 350(b) of the Bankruptcy Code to reopen debtors' bankruptcy case so that the discharge order of debtor Sharon Fonner may be modified in the above-described manner.

█ One final matter remains for discussion. Debtors have requested a preliminary injunction prohibiting Overdorf's administrator from executing against or levying upon or otherwise seizing the personal assets of debtor Sharon Fonner to satisfy the judgment against her and from transferring the judgment against her to another jurisdiction.

We are at a loss to understand why debtors seek a preliminary injunction for

these purposes. The previous order discharging debtor Sharon Fonner already operates as an injunction prohibiting the commencement or continuation of any action or act to collect or recover any debt as a personal liability. *See* 11 U.S.C. § 524(a)(2).

██ Prior to enactment in 1970 of § 14(f) of the former Bankruptcy Act, which is now § 524(a)(2) of the present Bankruptcy Code, a discharge was merely an affirmative defense a debtor could plead if later sued by a creditor holding a discharged debt. *Cox v. Zale Delaware, Inc.,* 239 F.3d 910, 915 (7th Cir.2001). A creditor who undertakes to collect a discharged debt from a debtor violates the discharge injunction and is in contempt of the court that issued the discharge order. *Id.; Pertuso v. Ford Motor Credit Company,* 233 F.3d 417, 421 (6th Cir.2000); *Insurance Company of North America v. NGC Settlement Trust (Matter of National Gypsum Co.),* 118 F.3d 1056, 1063 (5th Cir. 1997).

Debtors make allegations, which Overdorf's administrator steadfastly denies, that Overdorf's administrator has threatened to execute upon or levy against or otherwise seize debtor Sharon Fonner's personal assets to satisfy the judgment against her and has threatened to transfer the judgment against her to Florida, where she now resides. They have not, however, offered any hard evidence to substantiate their allegation that Overdorf's administrator ever made such threats, let alone acted on them. As a consequence, there is no basis at this time for finding that Overdorf's administrator has violated § 524(a)(2) and therefore is in contempt of this court.

An appropriate order shall issue.

## ORDER OF COURT

**AND NOW,** this _____ day of _____, 2001, in accordance with the accompanying memorandum opinion, it hereby is **ORDERED, ADJUDGED,** and **DECREED** that:

(1) the above -captioned bankruptcy case is **REOPENED;**

(2) debtors' motion for a preliminary injunction is **DENIED;**

(3) the order of May 14, 1996, constitutes an **ASSIGNMENT** by debtor Sharon Fonner to the administrator of the estate of Kristen Overdorf of any and all rights, claims, interests, and causes of action debtor Sharon Fonner may have against Travelers Insurance Company and/or Motorists Mutual Insurance Company arising out of the judgment against her in the Court of Common Pleas of Washington County, Pennsylvania, on July 6, 1999. Said order of May 14, 1996, constitutes an **AUTHORIZATION** by debtor Sharon Fonner for the administrator of the estate of Kristen Overdorf to commence or continue proceedings against said insurers to enforce her rights against them by virtue of her status as an insured under any policy of insurance providing coverage for the above fatal motor vehicle accident; and

(4) the above-captioned bankruptcy case shall be **CLOSED,** without further order of court, on the eleventh day after the date of this order.

It is **SO ORDERED.**